Scribner, J.
This case' is here on appeal from the decision of the court of common pleas. It was submitted to us upon an agreed statement of facts, and the pleadings, and the briefs of counsel.
At the decennial valuation of 1880 the lands now known as Ransom’s addition to the city of Toledo, were assessed on the duplicate at a valuation of $6,500, which corresponded with the duplicate valuation of surrounding acre property. In 1887 this tract of land was laid out into lots, and recorded as Ransom’s addition to the city of Toledo. In 1888 the assessors returned said lots into which said land has been platted at a valuation of $35,000 for purposes of taxation, without the knowledge or consent of the owners of the property; and thereafter the board of equalization reduced the valuation of said lots to the valuation of about $24,000, and thereupon the same was entered upon the tax duplicate by the auditor of said county at such valuation, and by him turned over to the defendant, the treasurer of said county, for collection. Thereupon this action was commenced to enjoin the collection of the taxes upon such increased valuation of said lots made by the assessor and the board of equalization, on the ground that the same was unauthorized. A preliminary injunction was issued, and upon the final hearing of the case on the merits, said preliminary injunction xvas made perpetual, and the treasurer was enjoined from collecting taxes on said property at a greater valuation than the same were assessed at the- last decennial valuation, to-wit: 1880. Thereupon the treasurer appealed the case to *389 this court. The question presented, therefore, for the judgment of this court is: Can the assessor increase the valuation ■of such property as was done by him, and can the board of equalization place the same at the valuation fixed by it ?
The proper determination of the question so presented arises mainly upon the construction which should be given to section 2797, of the Revised Statutes, which provides:
“Whenever any person or persons shall lay out any town or addition to any town, he or they shall before the plat thereof is recorded, present the same to the county auditor, who shall cause the assessor of the proper locality to assess and return the true valuation of each lot or parcel of land described in such plat, in the same manner as hew structures are valued; and thereupon such lots or parcels shall be entered on the tax list in lieu of the land included therein; but in making such valuation, regard shall be had to the next preceding decennial valuation of real estate, so that the said lots shall, as near as practicable, be equalized with adjacent lands and lots according to such decennial valuation.”
It will be noted, that according to the last preceding decennial valuation, these lands, before they were platted, were valued at $6650. They were valued by the assessor after they had been platted at $35,000. The board of equalization reduced this valuation to $24,000; and these lots went upon the duplicate at that valuation; making an addition or difference between $24,000, the valuation placed by the board of equalization upon the lots as platted, and $6650, the value of the same property as it stood upon the duplicate, according to the last preceding decennial valuation or appraisement.
Now the agreed statement, among other things, sets out that the land, embracing lots x to 250 inclusive (and these are the lots which belong to the plaintiff), was assessed as acre property at the decennial valuation of 1880 on the tax duplicate at $6650, or about $214 per acre. The adjoining property upon the north of Ransom’s addition was assessed at the decennial valuation of 1880 on the tax duplicate at about $447 per acre; “that the value of the lands embraced in said Ransom’s addition for taxation, as determined by the decennial appraisement of 1880, was as great in proportion to their real value as that *390 of the surrounding property.” There is the further statement agreed upon: “Said lots embraced in Ransom’s addition at the time they were assessed for taxation, after said platting, were worth on an average, two or three times the amount of their valuation for taxation, as determined by said board of equalization.” It will be seen, therefore, that while it is agreed here by the parties that the actual value of these lots belonging to the plaintiffs was largely in excess of the value fixed by the board of equalization; that nevertheless, the value of the same lots, as determined by the decennial appraisement of 1880, was as great in proportion to their real value as that of the surrounding property. That is to say, that as between this property of Mr. Ransom’s and the adjoining or surrounding property, the values were properly equalized, so that each should bear its fair proportion of taxation. Now referring again to section 2797, we will read the concluding paragraph of the section :
“And thereupon said lots or parcels” (that is to say, upon being platted, and returned by the assessor) “shall be entered on the tax list in lieu of the land included therein” (that is, the acre property) ; “but in making such valuation, regard shall be had to the next preceding decennial valuation of real estate, so-that the said lots shall, as near as practicable, be equalized with adjacent lands and lots, according to such decennial valuation.”
The parties have agreed here, as I have stated, that the land' of Mr. Ransom which was platted, stands upon the duplicate, at a fair and reasonable valuation relatively as the adjoining or adjacent property; yet the board of equalization have fixed' its value for taxation at $24,000, as against $6650, at which it stood upon the duplicate according to the last preceding decennial valuation.
In determining what is the proper construction to be give» to this section as it here stands, I refer to the statute as it previously existed. By the act of 1866 it was provided:
“Whenever any person or persons shall lay out any town, or any addition to any city or town, in this state, before the plat thereof shall be recorded, it shall be the duty of the proprietor «r proprietors of said plat to present the same to the county auditor of the county in which the lands so platted are situated, *391 and the auditor shall cause the assessor of the proper township to assess and return the true valuation of each lot or parcel of said town plat, or addition, to the county auditor, who shall enter said valuation upon the tax duplicate in the same manner as new structures are now entered.”
The statute as it here stands was passed upon, its prbper construction considered and determined, by the supreme court ,in the case of Mitchell v. Treasurer of Franklin County, 25 Ohio St., 143, wherein the court says:
“1. The act of April 6, 1866, ‘to provide for the valuation of lands in new town plats, or additions thereto,” applies to cases where the lands within the corporate limits of a city or town are laid out into lots, streets, etc., as well as to cases where the lands.so laid out are situate without the corporate limits.
“2. - This act should be considered and construed in connection with other statutes in pari materia; and when so considered and construed, its operation does not conflict with the provisions of the second section of the twelfth article of the constitution.”
It was after this decision of the supreme court giving a construction to the act of 1866 that the present statute was passed, which contains the clause to which I have referred, requiring regard to be had in making the valúation to the next preceding decennial valuation, so that the lands, as near as is practicable, shall be equalized with the adjacent lands and lots, according to such decennial valuation.
Where a decennial valuation takes place, where there is a general appraisement of all the lands, under the requirements of the statute, there is no trouble or difficulty in making a proper equalization^ values, so that each parcel of property may bear its proper share of the burthens of taxation; but where a valuation is made under this statute between the decennial periods, the assessor has no right to place any valuation upon the adjoining or contiguous property at all. And in this case this assessor valued this property for taxation at $35,000; it stood upon the tax duplicate valued, under the provisions of the decennial valuation, at between $6,000 and $7,000. The agreed case shows that the value so fixed by the decennial appraisers was a fair valuation as compared with the adjoining ©r contiguous property; and yet, under the supposed authority *392 of this statute, the assessor, in returning the value of this plat, while having no right in any manner or form to equalize values upon adjoining property, returns a valuation upon it for taxation of $35,000. The board of equalization reduced that value, but still they left it at $24,000, necessarily leaving the adjacent property standing at its old valuation. The authorities have no right to 'meddle with it. And it is agreed by the parties in this statement of facts that the same property is properly valued at $6,650, as compared with the adjacent property, which has been valued by the decennial appraisers.
Under these conditions, we think that the plaintiff is entitled to the relief which he prays, and the prayer of the petition should.be granted, and the treasurer enjoined from collecting taxes except upon the valuation agreed upon here as the proper valuation, having reference to the values put upon adjacent property; and it is adjudged accordingly.